IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-00123-JNP |
| Plaintiff, | : | |
| | | PROTECTIVE ORDER |
| vs. | : | |
| DANIEL FRY, | : | Hon. Jill N. Parrish |
| Defendant. | : | Magistrate Judge Daphne A. Oberg |

Upon the motion of the United States, and good cause therefore appearing pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, it is hereby ORDERED:

1. All materials that the government produces to the defense are solely for the use of the defendant, his attorney, or other individuals or entities acting within the attorney-client relationship to prepare for the proceedings in this case. The purpose of this protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the tax and personal information of others.

2. The defendant, his attorney, and all other individuals or entities who receive materials in this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, these materials to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal

case.  Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses.

3. The defendant, his attorney, and all other individuals or entities who receive materials in this case shall maintain all materials received from the government in a manner consistent with the terms of this protective order.  Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files, or folders marked "UNDER PROTECTIVE ORDER - DO NOT DISCLOSE."  Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.  The defendant himself shall not be permitted to keep or retain these records if placed in custody.

4. The defendant and his attorney are required to give a copy of this protective order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case.  A knowing and willful violation of this protective order by the defendant, his attorney, or others may result in contempt of court proceedings or other civil or criminal sanctions.

6. Within 90 days of the conclusion of this case, including all related appeals and collateral proceedings, all documents produced pursuant to this protective order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office. Alternatively, defense counsel may inform the United States Attorney's Office in writing that all such copies have been destroyed.

7. The provisions of this order governing disclosure and use of the documents shall not terminate at the conclusion of this criminal prosecution.

DATED this _19__ day of January 2021

_____
HON. DAPHNE A. OBERG
United States Magistrate Judge